# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AIT THERMOLITE, INC., <br> ADVANCED IMPACT <br> TECHNOLOGIES, INC., <br> LTI SMART GLASS, INC., and <br> KAPILOFF'S GLASS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD S. CHAMPLIN, <br> IMPACT SECURITY, LLC, and <br> WINDOW FILM DEPOT, INC., <br><br> Defendants. | Civil Action No.: 3:22-cv-30121 |

## ORDER ON PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

WHEREAS, Plaintiffs have moved this Court for a preliminary injunction; and

WHEREAS, the Court has reviewed and considered the submissions and/or arguments of the parties, it is hereby

ORDERED that Plaintiffs' Motion for a preliminary injunction is allowed; and it is further

ORDERED that all Defendants, as well as all parties in active concert or participation with them, be preliminarily enjoined until further order of this Court from:

(1) obtaining, retaining, using, or disclosing any confidential information, trade secrets, or proprietary information acquired by Richard S. Champlin ("Champlin") while employed by Plainitffs;

(2) destroying or altering any property belonging to Plaintiffs; and

(3) destroying or altering any evidence that may be relevant to this matter.

IT IS FURTHER ORDERED that the Defendants:

(1) submit an accounting to the Court describing any use, disclosure, destruction, or alteration of Plaintiffs' confidential information or other property by them since the time they acquired such information;

(2) preserve and return to counsel for Plaintiffs within three business days of the date of this Order any and all originals, duplicates and/or copies, whether electronic or hard copies, of any documents, records, information, communications, files, lists, data, computer discs, CDs, hard drives, electronically stored data in any form and of any kind, that belongs or belonged to Plaintiffs.

IT IS FURTHER ORDERED that Defendant Richard S. Champlin as well as all parties in active concert or participation with him, be preliminarily enjoined until further order of this Court from:

(1) contributing his knowledge, directly or indirectly, in whole or in part, as an employee, employer, owner, operator, manager, advisor, consultant, agent, employee, partner, director, stockholder, officer, volunteer, intern, or any other similar capacity to an entity engaged in the same or similar business as the Plaintiffs or their affiliates.

(2) directly or indirectly soliciting or participating in soliciting any person, company, or entity to contract for products or services competitive with or similar to products or services offered by, developed by, designed by or distributed by Plaintiffs or their affiliated companies;

(3) directly or indirectly offering, providing, or selling (or participating therein) products or services competitive with or similar to products or services offered by, developed by, designed by, or distributed by Plaintiffs or their affiliated companies;

(4) directly or indirectly participating in the planning, research, or development of any products or services, competitive with Plaintiffs or their affiliated companies' products or services; and

(5) directly or indirectly hiring or soliciting or attempting to assist the hiring or soliciting of Plaintiffs' or their affiliates' employees.

IT IS FURTHER ORDERED that Defendant, Impact Security, LLC and Window Film Depot, Inc., as well as all parties in active concert or participation with them, be and hereby are preliminarily enjoined until further order of this Court from:

2

286256

(1) continuing to employ Defendant, Richard S. Champlin in any position or in any manner; and/or

(2) encouraging, facilitating, or assisting in Defendant Champlin's breach of his Employment Agreement obligations.

SO ORDERED.


Dated: _____                    _____
                                                            United States District Judge